UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF KENTUCKY

PADUCAH DIVISION

CRIMINAL ACTION NO. 5:17-CR-00019-TBR

FILED
VANESSA L. ARMSTRONG, CLERK
JUN 20 2019
U.S. DISTRICT COURT
WEST'N. DIST. KENTUCKY

**UNITED STATES OF AMERICA**

**v.**

**STEPHEN M. PATTERSON, JR.**

**JURY INSTRUCTIONS**

# INTRODUCTION

Members of the jury, it is now time for me to instruct you about the law that you must follow in deciding this case. I will start by explaining your duties and the general rules that apply in every criminal case. Then I will explain the elements, or parts, of the claims in question.

You have two main duties as a juror: The first is to decide what the facts are from the evidence that you saw and heard here in Court. Deciding what the facts are is your job—not mine. Nothing that I have said or done during this trial was meant to influence your decision about the facts in any way.

Your second duty is to take the law that I give you and to apply it to the facts. It is my job to instruct you about the law, and you are bound by the oath you took at the beginning of the trial to follow the instructions that I give you, even if you personally disagree with them. This includes the instructions that I gave you during the trial and these instructions now. All of the instructions are important, and you should consider them together as a whole.

The lawyers may have talked about the law during their arguments. But if what they said is different from what I say, you must follow what I say. What I say about the law controls.

Perform these duties fairly. Do not let any bias, sympathy, or prejudice that you may feel toward one side or the other influence your decision in any way. The law does not permit you to be governed by sympathy, prejudice, or public opinion. All parties expect that you will carefully and impartially consider all of the evidence, follow the law as I give it to you, and reach a just verdict, regardless of the consequences.

You should consider and decide this case as a dispute between parties of equal standing in the community, of equal worth, and holding the same or similar stations in the community. All parties stand equal before the law and are to be treated as equals.

You are to consider only the evidence in the case. Unless you are otherwise instructed, the evidence in the case consists of the sworn testimony of the witnesses regardless of who called the witness, all exhibits received in evidence regardless of who may have produced them, and all facts and events that may have been admitted or stipulated to. Statements and arguments by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statement, closing arguments, and at other times is intended to help you understand the evidence, but it is not evidence.

Another part of your job as jurors is to decide how credible, or believable, each witness was. This is your job, not mine. It is up to you to decide if a witness's testimony was believable and how much weight you think it deserves. You are free to believe everything that a witness said, or only part of it, or none of it at all. But you should act reasonably and carefully in making these decisions. Use your common sense and your everyday experience in dealing with other people, and then decide what testimony you believe and how much weight you think it deserves. The weight of the evidence does not necessarily depend upon the number of witnesses who testify for either side.

Some of you may have taken notes during the trial. An individual juror may use notes to refresh his or her memory of evidence presented at trial, but the notes should not be relied upon as definitive fact or as evidence. Juror notes have no greater weight than memory, and note-aided and nonaided memory are of equal significance. Jurors should not be influenced by another juror's notes.

Once you start deliberating, do not talk to the jury officer, or to me, or to anyone else except each other about the case. If you have any questions or messages, you must write them down on a piece of paper, sign them, and give them to the jury officer. The officer will give them to me, and

I will respond as soon as I can. I may have to talk to the lawyers about what you have asked, so it may take some time to get back to you. Any questions or messages normally should be sent to me through your foreperson. Do not ever write down or tell anyone outside the jury room how you stand on your votes. That should stay secret until you are finished.

Your verdict or answer to any question must be unanimous. That is, all twelve (12) members of the jury must agree on any answer to the question and verdict.

It is your duty as jurors to consult with one another and to deliberate with a view to reaching an agreement, if you can do so without violence to the individual judgment. You must each decide this case for yourself, but only after an impartial consideration of the evidence of the case with your fellow jurors. In the course of your deliberations, do not hesitate to reexamine your own views and change your opinion, if you are convinced it is erroneous. But do not surrender your honest conviction as to the weight or effect of the evidence, solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

# INSTRUCTION NO. 1

## PRESUMPTION OF INNOCENCE AND BURDEN OF PROOF

The defendant has pleaded not guilty to the crime charged in the indictment. The indictment is not any evidence at all of guilt. It is just the formal way that the government tells the defendant what crime he is accused of committing. It does not even raise any suspicion of guilt.

Instead, the defendant starts the trial with a clean slate, with no evidence at all against him, and the law presumes that he is innocent. This presumption of innocence stays with him unless the government presents evidence here in court that overcomes the presumption and convinces you beyond a reasonable doubt that he is guilty.

The government must prove every element of the crime charged beyond a reasonable doubt. Proof beyond a reasonable doubt does not mean proof beyond all possible doubt. Possible doubts or doubts based purely on speculation are not reasonable doubts. A reasonable doubt is a doubt based on reason and common sense. It may arise from the evidence, the lack of evidence, or the nature of the evidence.

Proof beyond a reasonable doubt means proof which is so convincing that you would not hesitate to rely and act on it in making the most important decisions in your own lives. If you are convinced that the government has proved the defendant guilty beyond a reasonable doubt, say so by returning a guilty verdict. If you are not convinced, say so by returning a not guilty verdict.

Please proceed to Instruction No. 2.

# INSTRUCTION NO. 2

## DIRECT AND CIRCUMSTANTIAL EVIDENCE

Now, some of you may have heard the terms "direct evidence" and "circumstantial evidence."

Direct evidence is simply evidence like the testimony of an eyewitness which, if you believe it, directly proves a fact. If a witness testified that he saw it raining outside, and you believed him, that would be direct evidence that it was raining.

Circumstantial evidence is simply a chain of circumstances that indirectly proves a fact. If someone walked into the courtroom wearing a raincoat covered with drops of water and carrying a wet umbrella, that would be circumstantial evidence from which you could conclude that it was raining.

It is your job to decide how much weight to give the direct and circumstantial evidence. The law makes no distinction between the weight that you should give to either one, or say that one is any better evidence than the other. You should consider all the evidence, both direct and circumstantial, and give it whatever weight you believe it deserves.

Please proceed to Instruction No. 2.

# INSTRUCTION NO. 3

## SELECTING A FOREPERSON

Upon retiring to the jury room, you will select one of you to act as your foreperson. The foreperson will preside over your deliberations and will be your spokesperson here in Court.

Verdict forms have been prepared for your convenience. You will take these forms to the jury room and, when you have reached a verdict, you will fill out the verdict forms as appropriate. You will then return with your verdict to the courtroom. All twelve (12) of you must unanimously agree upon a verdict.

Please proceed to Instruction No. 4.

# INSTRUCTION NO. 4

## ELEMENTS OF THE CRIME

Count 1 of the indictment charges the defendant with being a convicted felon in possession of a firearm.

For you to find the defendant guilty of this crime, you must find that the government has proved each and every one of the following elements beyond a reasonable doubt:

(A) First: That before February 18, 2017, the defendant had been convicted of a crime punishable by imprisonment for more than one year. The Defendant does not dispute that he has been convicted in a court of a crime punishable by imprisonment for a term exceeding one year, that is, a felony offense.

(B) Second: That before February 18, 2017, the Defendant had knowledge that he had previously been convicted in a court of a crime punishable by imprisonment for a term exceeding one year, that is, a felony offense. The Defendant does not dispute that on or about and before February 18, 2017, he had knowledge that he had previously been convicted in a court of a crime punishable by imprisonment for a term exceeding one year, that is, a felony offense.

(C) Third: That the defendant, following his conviction, knowingly possessed a Diamondback Arms, Inc., Model DB380, .380 AUTO semiautomatic pistol, bearing Serial Number ZF1484.

(D) Fourth: That the Diamondback Arms, Inc., Model DB380, .380 AUTO semiautomatic pistol, bearing Serial Number ZF1484 crossed a state line prior to the alleged possession. It is sufficient for this element to show that the firearm was manufactured in a state other than the Commonwealth of Kentucky. The Defendant does not dispute that the Diamondback Arms, Inc., Model DB380, .380 AUTO semiautomatic pistol, bearing Serial Number ZF1484 did cross state lines prior to February 18, 2017, in that it was manufactured outside the Commonwealth of Kentucky.

Next, I want to explain something about possession. The government does not necessarily have to prove that the defendant physically possessed the firearm for you to find him guilty of this crime. The law recognizes two kinds of possession: (A) actual possession and (B) constructive possession. Either one of these, if proved by the government, is enough to convict.

(A) To establish actual possession, the government must prove that the Defendant had direct, physical control over the firearm, and knew that he had control over it.

(B) To establish constructive possession, the government must prove that the defendant had the right to exercise physical control over the firearm, and knew that he had this right, and that he intended to exercise physical control over the firearm at some time, either directly or through other persons.

For example, if you left something with a friend intending to come back later and pick it up, or intending to send someone else to pick it up for you, you would have constructive possession of it while it was in the actual possession of your friend. But understand that just being present where something is located does not equal possession. The government must prove that the defendant had actual or constructive possession of the firearm, and knew that he did, for you to find him guilty of this crime. This, of course, is all for you to decide.

The term "firearm" means any weapon which will or is designed to or may readily be converted to expel a projectile by the action of an explosive. The Defendant does not dispute that the weapon described in the indictment is a "firearm" as defined.

The term "knowingly" means voluntarily and intentionally, and not because of mistake or accident.

If you are convinced that the government has proved Elements A through D listed above,, say so by returning a guilty verdict on this charge. If you have a reasonable doubt about any one of these elements, then you must find the defendant not guilty of this charge.

Please proceed to Instruction No. 5.

9

# INSTRUCTION NO. 5

## PUNISHMENT

If you decide that the government has proved the defendant guilty, then it will be my job to decide what the appropriate punishment should be.

Deciding what the punishment should be is my job, not yours. It would violate your oaths as jurors to even consider the possible punishment in deciding your verdict.

Your job is to look at the evidence and decide if the government has proved the defendant guilty beyond a reasonable doubt.

Please proceed to Instruction No. 6.

# INSTRUCTION NO. 6

## VERDICT

I have prepared a verdict form that you should use to record your verdict. That form is located on the last pages of these instructions.

If you decide that the government has proved the charges against the defendant beyond a reasonable doubt, say so by having your foreperson mark the appropriate places on the form. If you decide that the government has not proved the charges against him beyond a reasonable doubt, say so by having your foreperson mark the appropriate places on the form. Your foreperson should then sign the form, put the date on it, and return it to me.

Please Proceed to Instruction No. 7

# INSTRUCTION NO. 7

## THE COURT HAS NO OPINION

Let me finish up by repeating something that I said to you earlier. Nothing that I have said or done during this trial was meant to influence your decision in any way. You decide for yourselves if the government has proved the defendant guilty beyond a reasonable doubt.

Please proceed to the Verdict form attached to the end of the instructions.

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CRIMINAL ACTION NO. 5:17-CR-00019-TBR

UNITED STATES OF AMERICA,                                    PLAINTIFF

v.

STEPHEN M. PATTERSON, JR.,                                   DEFENDANT

### JUROR VERDICT FORM

We, the jury, unanimously find the following:

**COUNT 1**

**Question 1.** With respect to the charge in count 1 of the indictment for being a convicted felon in possession of a firearm, we find the defendant Stephen M. Patterson, Jr.:

Guilty _____        Not Guilty _____

_____          _____
Foreperson                                                          Date

**Your verdict form is complete, and you should return to the courtroom. Thank you for your service.**