## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## PADUCAH DIVISION
## CRIMINAL ACTION NO. 5:17-cr-00019-TBR

UNITED STATES OF AMERICA                                    PLAINTIFF

v.

STEPHEN M. PATTERSON, JR.                                   DEFENDANT

### MEMORANDUM OPINION AND ORDER

This matter comes before the Court upon Defendant Stephen M. Patterson Jr.'s Motion for Release. [DN 132.] The government has responded. [DN 135.] As such, this matter is ripe for adjudication. For the reasons that follow, Defendant's Motion for Release [DN 132] is **DENIED**.

### I.  Background

Patterson was indicted on one count of a felon in possession of a firearm. [DN 1.] He was convicted at a jury trial on June 20, 2019. [DN 81.] Patterson was sentenced to a 120-month sentence on October 16, 2019.

### II.  Legal Standard

"The court may not modify a term of imprisonment once it has been imposed except that-

(1) in any case—

> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
> (i) extraordinary and compelling reasons warrant such a reduction"

18 U.S.C.A. § 3582(c)(1)(A). "Under the [First Step Act], courts are now permitted to "consider motions by defendants for compassionate release without a motion" by the BOP Director "so long as the defendant has asked the Director to bring such a motion and the Director fails to or refuses." *United States v. Logan*, 2020 WL 730879, at *1 (W.D. Ky. Feb. 13, 2020).

When determining whether to grant compassionate release, courts must analyze the following factors: (1) whether extraordinary and compelling reasons warrant such a reduction; (2) the applicable policy statements issued by the Sentencing Commission; and (3) the factors set forth in 18 § U.S.C. § 3553(a). *United States v. Marshall*, No. 3:16-cr-00004-JHM, 2020 WL 114437, * 1 (W.D. Ky. Jan 9, 2020) (citing 18 U.S.C. 3582(c)(1)(A)).

First, the Court must determine whether extraordinary and compelling reasons justify a sentence reduction. Congress has not defined what constitutes an "extraordinary and compelling" reason; however, it has charged the Sentencing Commission with "describing what should be considered extraordinary and compelling reasons for sentence reductions, including the criteria to be applied and a list of specific examples." *United States v. Webster*, No. 3:91CR138 (DJN), 2020 WL 618828, at *4 (E.D. Va. Feb. 10, 2020) (quoting 29 U.S.C. § 994(t)). The Sentencing Commission commentary provides that extraordinary and compelling reasons may exist due to the defendant's medical condition:

> A) Medical Condition of the Defendant.
> (i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.
>
> (ii) The defendant is-
>
> > (I) suffering from a serious physical or medical condition,
> > (II) suffering from a serious functional or cognitive impairment, or

> (III) experiencing deteriorating physical or mental health because of the aging process, that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

U.S.S.G. 1B1.13.

### III. Discussion

**A. Exhaustion of Remedies**

"Federal law has long authorized courts to reduce the sentences of federal prisoners facing extraordinary health conditions and other serious hardships, but only under very limited circumstances." *United States v. Beck*, ⸺ F.Supp.3d ⸺⸺, No. 1:13-CR-186-6, 2019 WL 2716505, at *4 (M.D.N.C. June 28, 2019). Under the First Step Act, courts are now permitted to "consider motions by defendants for compassionate release without a motion" by the BOP Director "so long as the defendant has asked the Director to bring such a motion and the Director fails to or refuses." *United States v. Marhsall,* No. 3:16CR-00004-JHM, 2020 WL 114437, at *1 (W.D. Ky. Jan. 9, 2020).

Here, Patterson does not provide any evidence and does not argue he has exhausted his remedies. Without any evidence that Patterson has even attempted to exhaust his remedies the Court cannot find he has done so. District courts are split on whether the requirement of exhaustion can be waived. Some courts have waived the requirement in light of COVID-19 concerns and the specific health concerns of the defendant. *See United States v. Perez,* 19 Cr. 513-3 (AT) 2020 WL 1546422 (S.D. N.Y Apr. 1, 2020); *United States v. Colvin,* No. 3:19-cr-179 (JBA), 2020 WL 1613943 (D. Conn. Apr. 2, 2020). However, other courts have found the court does not have the authority to waive the requirement. *See United States v. Rivers,* No. 2017-0023, WL 1676798 (D.V.I. Apr. 6, 2020); *United States v. Johnson,* No. RDB-14-0441, 2020 U.S. Dist. LEXIS 59206

(D. Md. Apr. 3, 2020). Even if this Court waived the exhaustion requirement, Patterson still would not be entitled to release for the following reasons.

## B.  Extraordinary and Compelling Reasons

Patterson states his chronic health issues such as high blood pressure and heart issues are extraordinary and compelling reasons for his release. He argues in light of the current COVID-19 pandemic, he should be released as he is at a greater risk for the virus. Patterson supplemented his motion with a list of the two medications he takes—Amlodipine and Hydrochlorothiazide. [DN 134.] According to the Centers for Disease Control, those with high blood pressure or heart conditions are at a greater risk for contracting severe issues from COVID-19.[1] Patterson asserts the Grayson County Detention Center cannot properly handle his medications. However, he does not provide any reasons the institution cannot handle his medications. Further, he does not state or provide evidence that he currently is not receiving his medication.

Patterson also argues the Detention Center cannot practice proper social distancing. On March 13, 2020, the Detention Center enacted the following steps:

- All employees and inmates will be monitored for symptoms of respiratory infection

- Proper hygiene etiquette by both staff and inmates in a possible infectious environment will be reinforced

- Previous staff training on infection control procedures will be reinforced

- Proper supplies — personal protective equipment (PPE) — that can reduce the chance of a spread of pathogens will continue to be provided

- Individuals who may become symptomatic will be isolated and provided with PPE, along with any staff treating or transporting them

- "Clean teams" will be designated and provided proper PPE and supplies to disinfect high traffic areas, or areas known to be contaminated in an ongoing and frequent basis

---

[1] https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-at-higher-risk.html?CDC_AA_refVal=https%3A%2F%2Fwww.cdc.gov%2Fcoronavirus%2F2019-ncov%2Fspecific-groups%2Fhigh-risk-complications.html

- Stations will be set up within the facility where persons may easily access hand sanitizers, and existing stations will remain stocked

- All necessary resources will be mobilized, inventoried and tracked to head-off any potential shortages of critical resources and supplies

- Inmate visitation is suspended until a decision is reached by involved parties that it may resume safely

- Entry into any facility operated by the GCDC by non-essential personnel (programs, religious services, etc) is suspended until a decision is reached by all parties involved that such entry does not pose a danger to the safe and secure operations of these facilities

- All new intakes to the GCDC shall be screened by medical personnel for signs of respiratory infection and appropriate infection prevention practices will be implemented

- Suspend face-to-face attorney/client meetings and transition to video conference or "through the glass" meetings

- Work with all community assets, including the local health department, to provide the most up-to-date information to the community, our staff and inmates housed at the GCDC.[2]

Patterson does not state how the Detention Center has failed to follow any of these guidelines. As of April 22, 2020, the Grayson County Detention Center did not have any confirmed cases of COVID-19 for either staff or inmates.[3] Patterson does not provide any evidence to the contrary. Even taking Patterson's claim—without providing medical evidence—that he suffers from high blood pressure and other heart conditions, as true, he has provided no evidence that his conditions are not being managed or that the Detention Center has not effectively practiced social distancing. *See United States v. Gagne,* No. 3:18-cr-242 (VLB), 2020 WL 1640152 *5 (D. Conn. Apr. 2, 2020). Therefore, Patterson is not eligible for compassionate release.

**C.  18 U.S.C. §3553(a) Factors**

---

[2]   http://www.k105.com/2020/03/13/grayson-county-detention-center-taking-several-steps-to-protect-inmates-staff-from-covid-19/

[3]   https://gcnewsgazette.com/Content/Default/Latest-News/Article/6-new-COVID-19-cases-confirmed-in-Grayson/-3/12/2297

Patterson has not met his burden to be eligible for release. Nonetheless, the Court will briefly address the 18 U.S.C. § 3553(a) sentencing factors. Patterson was arrested after threatening to kill his victim while pointing a loaded gun in her face. [DN 91 at 4.] Patterson has a lengthy criminal history going back to 2005. [*Id.* at 6-15.] The § 3553(a) factors standing alone would not justify an early release.

### IV. Conclusion

For the above stated reasons, **IT IS HEREBY ORDERED** that Patterson's Motion for Release [DN 132] is **DENIED.**

**IT IS SO ORDERED.**

*Thomas B. Russell*

**Thomas B. Russell, Senior Judge**
**United States District Court**

May 11, 2020

cc: Stephen M. Patterson, Jr.
    19000-033
    GRAYSON COUNTY DETENTION CENTER
    320 Shaw Station Road
    Leitchfield, KY 42754
    PRO SE